IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BLUM AND WENDY BLUM, H/W, ASSIGNEES OF JOHN WOJNAR, INDIVIDUALLY AND T/A JOHN WOJNAR BUILDER/ CONTRACTOR | : : : : : : | CIVIL ACTION |
| v. | : : | |
| ST. PAUL TRAVELERS INSURANCE COMPANY A/K/A TRAVELERS CASUALTY AND INSURANCE COMPANY, ET AL. | : : : : | NO. 07-1268 |

**O R D E R - M E M O R A N D U M**

**AND NOW**, this 26th day of July, 2007, upon consideration of the Motion of St. Paul Travelers Casualty and Surety Company to Dismiss this Action, or in the Alternative, Stay the Proceedings (Doc. No. 8), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that the Motion is **DENIED.**

Plaintiffs Richard and Wendy Blum brought this diversity action against St. Paul Travelers Insurance Company ("Travelers"), under an assignment of rights from a St. Paul insurance holder, John Wojnar, individually and transacting as John Wojnar Builder/Contractor ("Wojnar"). The Blums sued Wojnar in November of 2002 in the Court of Common Pleas of Bucks County (the "State Court Action"), alleging that he had negligently designed, erected and constructed a house for them. Pursuant to binding arbitration, the Blums obtained a February 10, 2005 judgment against Wojnar in the amount of $96,258.02 (the "State Court Judgment"). Wojnar subsequently declared bankruptcy and Travelers denied coverage under Wojnar's general liability policy. The Blums therefore instituted garnishment proceedings against Travelers. In its Answers to Plaintiffs' Garnishment Interrogatories, Travelers asserted, among other things, that there was no coverage to

cover the judgment because the alleged negligence occurred after Wojnar's insurance policy had lapsed.

On March 29, 2007, the Blums instituted the instant action against Travelers, asserting state law claims of bad faith, negligence, fraud, and breach of fiduciary duty. Specifically, the Blums allege that Travelers acted in bad faith when it refused to make a reasonable settlement offer in connection with the State Court Action and subsequently denied coverage for the State Court Judgment (Count I - Common Law Bad Faith and Count II - Statutory Bad Faith). They further assert that Travelers' failure to settle the state case and wrongful denial of coverage constitute fraud (Count III), negligence (Count IV), breach of contract (Count V) and breach of fiduciary duty (Count VI).

Travelers has moved to dismiss the Blums' Complaint, or to stay the action, arguing that we should abstain from exercising jurisdiction pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Generally, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" by Congress. Ryan v. Johnson, 115 F.3d 193, 195 (3d Cir. 1997) (quoting Colorado River, 422 U.S. at 817). Thus, the pendency of a state court action does not ordinarily bar federal court proceedings concerning the same matter. Colorado River, 424 U.S. at 817. In fact, it is a "well recognized" rule that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction . . . ." Id. at 817; see also University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991) ("The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.")

In Colorado River, however, the United States Supreme Court created an extraordinary and narrow exception to that rule, which permits federal courts to defer to pending state court proceedings based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180 (1952)). Application of this exception is rare, and the Court of Appeals for the Third Circuit has cautioned that such abstention "can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the state could would clearly serve an important countervailing interest." Spring City Corp. v. American Buildings Co., 193 F.3d 165, 173 (3d Cir. 1999) (quoting Ryan, at 195-86); see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16 (1983) ("only the clearest of justifications will warrant dismissal")

"A threshhold issue that must be determined in any Colorado River abstention case is whether the two actions are 'parallel.'" Ryan, 115 F.3d at 196. The Court of Appeals for the Third Circuit has explained that parallel cases are those that "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." IFC Interconsult v. Safeguard Int'l Partners, 438 F.3d 298, 306 (3d Cir. 2006) (quoting Yang v. Tsui, 416 F.3d 199, 204-05 n.5 (3d Cir. 2005) (internal quotations omitted)). Consequently, if all of the issues to be litigated are not identical or nearly identical, the district court lacks the power to abstain. See University of Maryland, 923 F.2d at 276 ("[W]hile certain issues to be litigated in the . . . federal claim may be identical to issues that have been or will be raised . . . in state court, the lack of identity of all issues necessarily precludes Colorado River abstention.") This is because "a decision to invoke Colorado River, necessarily contemplates that the federal court will have nothing further to do in resolving any

3

substantive part of the [federal] case [after resolution of the state action], whether [the federal court] stays or dismisses."  Moses H. Cone, 460 U.S. at 28; see also Michelson v. Citicorp Nat'l Srvcs., 138 F.3d 508, 515 (3d Cir. 1998) ("[T]he Colorado River doctrine applies only if there is parallel state court litigation involving the same parties and issues that will completely and finally resolve the issues between the parties." (quoting Marcus v. Township of Abington, 38 F.3d 1367, 1371 (3d Cir. 1994))).

Here, the Blums and Travelers agree that the parties to the state and federal actions are identical.  They do not agree, however, as to whether the two actions involve substantially identical issues.  Travelers asserts that the issues in the two cases are the same, arguing that "whether Wojnar was covered under a policy of insurance issued by [Travelers] is the cornerstone issue in each case." (Br. in Supp. of Mot. to Dismiss at 10.)  In contrast, the Blums contend that the issues are not substantially identical, because a bad faith cause of action is distinct from a garnishment proceeding and entitles a plaintiff to remedies not available in garnishment, including punitive damages, interest and attorney fees.  See T.A. v. Allen, 868 A.2d 594, 599 (Pa. Super. 2005) (garnishment proceedings and bad faith causes of action are "distinct causes of action," which involve "distinct remedies" and do not "present the same question for the trial court's resolution").  Travelers maintains, however, that the Blums' inclusion of bad faith claims in this action does not substantially differentiate this proceeding from the State Court Action, emphasizing that the bad faith claims will be rendered moot if the state court finds that Wojnar was not covered under the Travelers policy, because Pennsylvania law dictates that there can be no bad faith in the absence of a contractual duty to defend or indemnify.  See id. at 600 (affirming judgment in favor of insurer on bad faith claim, finding insurer

4

had no duty to accept reasonable settlement offer where it had no contractual obligation to defend or indemnify).

Upon consideration of the parties' arguments and the prevailing caselaw, we find that the state and federal cases are not parallel within the meaning of that term in Colorado River. In spite of certain similarities between the two actions, and some overlap of issues, the claims in the federal case are distinct from those in the State Court Action. The central question in the State Court Action is whether Travelers must provide Wojnak with coverage for the State Court Judgment. In contrast, the instant case concerns the manner in which Travelers conducted itself in litigating the State Court Action. Moreover, although a verdict in Traveler's favor in the State Court Action could have the effect of mooting the Blums' claims in this court, see, e.g., Allen, 868 A.2d at 600 (bad faith claim fails in absence of contractual duty to defend or indemify), resolution of the State Court Action will not necessarily resolve the claims in this action. Rather, the claims here will retain their vitality if there is a verdict in Wojnak's favor in the State Court Action or if the state court does not reach the merits of the coverage dispute.[1] Accordingly, we conclude that the two cases are not parallel and thus, we have no power to abstain under Colorado River.

Moreover, even if we were to find the requirement of parallelism satisfied, Colorado River abstention would not be appropriate, because the considerations that underlie the application of that doctrine do not weigh in favor of abstention here. Colorado River and its progeny set forth six factors that a court should consider in determining whether there are exceptional circumstances that warrant abstention: (1) whether the state has assumed in rem jurisdiction over property; (2) the

---

[1]Travelers states in its brief that there was a default judgment entered against it in the State Court Action and represents that a motion to set aside that default judgment is pending. There is therefore a real possibility that the state court will not reach the merits of the coverage dispute.

inconvenience of the federal forum; (3) the order in which the concurrent forums obtained jurisdiction; (4) whether federal or state law controls; (5) whether the state court will adequately protect the interests of the parties; and (6) the desirability of avoiding piecemeal litigation. Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir.1999).

Applying those factors in this case, we find that both the first and second factors are neutral, because the state has not assumed in rem jurisdiction over any property, and Philadelphia is not far from the Bucks County Court of Common Pleas in Doylestown, Pennsylvania, making litigation in the federal forum a minor inconvenience, at most. Similarly, the fifth factor carries no weight, as it is "normally relevant only when the state forum is *in* adequate," Ryan, 115 F.3d at 200 (emphasis in original), and neither party asserts that the state forum is inadequate here. The fourth factor is also immaterial in this case as it is primarily concerned with whether there are federal issues that weigh against surrender of jurisdiction. Id. at 199; Moses H. Cone, 460 U.S. at 26. In fact, it is only in rare circumstances not present here that the fact that state law provides the rule of decision will weigh in favor of surrender, e.g., when the case involves state law that is so complex and unsettled that resolution in the state court would be more appropriate. Ryan, 115 F.3d at 199-200.

Of the two remaining factors, the fact that the State Court Action commenced well before the federal action (factor number three) weighs in favor of abstention, and the avoidance of piecemeal litigation (factor number six) would appear to favor abstention as well. However, the sixth factor has been found to support abstention only "when there is evidence of a strong federal policy that all claims should be tried in the state courts," id. at 197-98, and Travelers has identified no such federal policy that is applicable in the instant case. Id. at 198 (requiring "a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under

6

review"). Moreover, the Supreme Court has stated that this sixth factor is "paramount," Moses H. Cone, 460 U.S. at 20, and the Third Circuit has suggested that abstention is never proper in the absence of the sixth factor's satisfaction. See, e.g., Spring City, 193 F.3d at 172 ("[E]ven though it is important to prevent 'piecemeal litigation,' a stay is appropriate 'only when there is a strong federal policy against [such] litigation.'" (quoting Ryan, 115 F.3d at 197)); id. (analyzing only factor six in reversing district court decision to stay action based on satisfaction of three Colorado River factors).

Under these circumstances, where we find only the third factor to weigh in favor of abstention, we do not believe that there are "extraordinary circumstances" that warrant the application of Colorado River. Although we are concerned that there may be a duplication of effort and waste of judicial resources if we proceed with this case while the State Court Action is pending, a stay under Colorado River "must be grounded on more than just the interest in avoiding duplicative litigation." Spring City, 193 F.3d at 171-72. In fact, the Third Circuit has directed that when there is merely a threat of duplicative litigation, it is the responsibility of the district court to "establish procedures . . . that will minimize duplication of effort," which is what we will do here. Id. at 173.

In conclusion, we find that there is no basis for Colorado River abstention as the State Court Action and federal action are not parallel and, in any event, extraordinary circumstances justifying

abstention are not present.[2]  Accordingly, we deny Travelers' Motion to Dismiss or, in the Alternative, Stay the Proceedings.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.

---

[2] Travelers also asks that we decline jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  However, jurisdiction in this case is not grounded on the Declaratory Judgment Act.  Rather, it is grounded on diversity jurisdiction.  Accordingly, the fact that we may have discretion to decline jurisdiction under the Declaratory Judgment Act is simply irrelevant here.